The Court

said that an execution is a lien upon and binds the goods of the defendant,'from the time it comes to the hands of the sheriff; a writ of foreign attachment only from the taking of them by the officer under it. But an actual taking into his exclusive possession, by the officer, was not necessary under either writ. The making of an inventory of the goods by the officer under the latter writ, with a view to the appraisement of them, as required by the act of Assembly on that súbject, would constitute a taking of them in contemplation# of law, and from that time the goods would be in the legal custody and possession of the constable under the attachment, and he was responsible for the forthcoming of them, to be levied on and sold for the benefit of the plaintiff in the writ, when judgment should be obtained upon it. Rev. Code, 354.
They were therefore of opinion that all of the attachments on which the constable had made his inventories of the goods and chattels in .question, prior to the time of the executions coming to the hands of the sheriff, should have the preference over, such executions, and must be paid before them, out of the proceeds of the sale; but the executions in the hands of the sheriff should have the preference over all the other attachments in the hands of the constable, and should be first satisfied out of the balance, so far as it would go.